UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Master File No. 00-1334-MD-MORENO**
**Tag-Along Case No. 05-23206-CIV-MORENO**

IN RE: MANAGED CARE LITIGATION

---

JAMES MIRABILE, M.D. and JAMES MIRABILE,
M.D., PA,

    Plaintiffs,

vs.

BLUE CROSS AND BLUE SHIELD OF KANSAS
CITY, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT PREJUDICE

THIS CAUSE came before the Court upon the Plaintiffs' Second Amended Complaint (**D.E. No. 92**), filed on **April 16, 2009**.

THE COURT has considered the complaint and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the Second Amended Complaint is DISMISSED without prejudice to re-file concomitantly with the Plaintiffs' ERISA allegations, if and when the Plaintiffs plead that they have exhausted all administrative remedies. Moreover, the Motion of Blue Cross and Blue Shield of Kansas City, Good Health HMO, Inc., and Total Health Care, Inc. to Enforce Stay and to Strike Second Amended Complaint (**D.E. No. 94**), and the Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (**D.E. No. 95**) are DENIED AS MOOT with leave to refile if appropriate. It is further

**ADJUDGED** that the Clerk will continue to mark this case as closed and leave it in a civil suspense file. The Plaintiffs may move the Court to re-open the case at an appropriate time, in order to

file another amended complaint that satisfies the requirement to plead exhaustion of administrative remedies with respect to the ERISA claims.

The Court notes that Judge Torres, in his Order on Defendants' Joint Motion to Dismiss the Second Amended Petition **(D.E. No. 87)**, held that "[a]lthough the ERISA claim[s] that conferred the original jurisdiction upon this Court may be absent from [the Second Amended Complaint], for the sake of judicial economy the Court will exercise supplemental jurisdiction, for now, over the remaining claims." Order on Defendants Joint Motion to Dismiss at 24. The Plaintiffs' Second Amended Complaint includes only one count: a breach of contract claim, based allegedly on individual fee-for-service contracts between the Plaintiffs and Defendants. The Court has supplemental jurisdiction over this state-law claim pursuant to 28 U.S.C. §1367(a), because it involves the same case or controversy as the ERISA claims that Judge Torres dismissed without prejudice for failure to plead exhaustion.

The Court finds its supplemental jurisdiction over the Second Amended Complaint discretionary, pursuant to U.S.C. §1367(c)(3), because it has "dismissed all claims over which it has original jurisdiction," i.e., the Plaintiffs' ERISA claims. The Court will exercise that discretionary supplemental jurisdiction over this and other claims if and only when the Plaintiffs have exhausted their administrative remedies and re-filed their ERISA claims.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of July, 2009.

```
                                    _____
                                    FEDERICO A. MORENO
                                    UNITED STATES DISTRICT JUDGE
```

Copies provided to:
Counsel of Record